### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS


**JACOB MEEKS,**

                    **Plaintiff,**

          **v.**                                    **CASE NO.  12-3108-SAC**

**COMMUNITY AMERICA**
**CREDIT UNION,**
**et al.,**

                    **Defendants.**

### O R D E R

     This civil complaint was filed pro se pursuant to 42 U.S.C. § 1983 by an inmate of the Missouri Eastern Correctional Center, Pacific, Missouri.  Mr. Meeks is serving time for a bad check conviction "out of New Madrid Mo."

     Plaintiff names as defendants Community America Credit Union and Jerry Affolter.  As factual support for his complaint, Mr. Meeks alleges as follows.  In September 2008, he was arrested for forgery. He was held at the Clay County Jail in Liberty Missouri.  The case was dismissed on February 17, 2011.  He claims false arrest.  He seeks 45 million dollars in damages.  Plaintiff is required to satisfy the filing fee prerequisite and to cure deficiencies in his complaint found upon screening.


**FILING FEE**

     The fee for filing a civil rights action in federal court is $350.00.  Plaintiff has filed an "Affidavit in Support of Request to Proceed in forma pauperis (Doc. 2).  The court liberally construes this as plaintiff's motion to proceed without prepayment of fees.

Plaintiff is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1]

Furthermore, § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  The plaintiff is required to obtain the certified statement of his inmate account for the appropriate six-month period from the finance officer at each prison or jail in which he was or is confined and to submit those records to the court.  28 U.S.C. § 1915(a)(2); *see also Tyson v. Youth Ventures, L.L.C.*, 42 Fed.Appx. 221 (10th Cir. 2002)(unpublished);[2] *Johnson v. United States*, 79 Fed.Cl. 769, 772 (Fed.Cl. 2007).  This action may not proceed further until plaintiff provides the financial information required by federal law.  He will be given time to do so, and is forewarned that if he fails to comply with the provisions of § 1915 in the time allotted, this action may be dismissed without further notice.

---

[1]     Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

[2]     Unpublished opinions are not cited herein as binding precedent, but for persuasive value.  See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

**SCREENING**

Because Mr. Meeks is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds the complaint is subject to being

dismissed for the following reasons.

**DISCUSSION**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Plaintiff alleges no facts whatsoever indicating that either Community America Credit Union (CACU) of Lenexa, Kansas, or Jerry Affolter were state actors. He exhibits a "Fraud Investigation Report" with a CACU letterhead that indicates it was "completed by" defendant Jerry Affolter. Mr. Affolter's name is followed by "Loss Prevention." Mr. Meeks does not explain the significance of this exhibit. From this exhibit, it appears that CACU was nothing more than a private credit union,[3] and that defendant Affolter was an employee of CACU, not a state agency.

Plaintiff's only claim is false arrest. He alleges no facts whatsoever showing that either named defendant personally participated in his arrest. He exhibits a "Status Report" of the "Judicial Circuit of Missouri" as well as an offense report from the Kansas City Missouri Police Dept. (Complaint) Doc. 1, exhibs. 2-4. These records indicate that forgery charges were brought against plaintiff in Missouri, and the charges were dismissed in Missouri by the prosecution on November 17, 2011. Personal participation is a necessary element of a claim against any defendant under § 1983.

---

[3]     This exhibit shows that plaintiff was a long-time resident of Kansas City, Missouri at the time the report was prepared.

4

The court assumes from plaintiff's exhibit that he was arrested by Missouri law enforcement officers, who are not named as defendants.

Even if plaintiff alleged some facts indicating that defendants caused his arrest, he alleges no facts whatsoever showing that his arrest was without probable cause or otherwise unconstitutional. The dismissal of charges, without more, does not establish that plaintiff's arrest was without probable cause. The record provided by plaintiff indicates that a warrant was issued, a grand jury indictment was filed, and he was arraigned in person. Thus, it appears that probable cause was established for his arrest.

Plaintiff does not describe any acts taken by either defendant that amounted to a violation of his federal constitutional rights. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007). If Mr. Meeks is attempting to sue the private credit union and its employee because they provided information that led to his arrest on forgery charges, he does not allege facts to support a federal constitutional violation. Witnesses to criminal conduct are generally not subject to suit under 42 U.S.C. § 1983.

Finally, it appears from the face of the complaint that Mr. Meeks' claim for false arrest may be time-barred. Under K.S.A. § 60-514 there is a one-year limitations period applicable to a claim of false arrest. Plaintiff executed the complaint in this case on

April 25, 2012, which is more than one year after the charges were dismissed on February 17, 2011.  It thus appears likely that his false arrest claim is barred by the one-year statute of limitations.

Plaintiff is given time to cure the foregoing deficiencies in his complaint.  If he fails to do so within the time allotted, this action will be dismissed for failure to allege sufficient facts to establish jurisdiction and to state a claim.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to provide a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period plaintiff is required cure the deficiencies in his complaint discussed herein.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge