```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JACOB MEEKS,**

      **Plaintiff,**

    **v.**          CASE NO. 12-3108-SAC

**COMMUNITY AMERICA CREDIT**
**UNION, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

  The court previously screened the materials filed in this action and entered an Order requiring plaintiff to provide financial information in support of his motion to proceed without prepayment of fees as well as cure the deficiencies in his complaint discussed in the screening order. The matter is before the court upon plaintiff's Response and Motion for Ruling (Doc. 5). Having considered these filings together with the file, the court finds that plaintiff has submitted financial information in support of his motion but has not cured the deficiencies in his complaint. Accordingly, this action is dismissed for failure to state facts to support a federal constitutional claim and as time-barred.

  In the screening order the court found that plaintiff failed to state a claim under § 1983 for several reasons. First, defendants Community America Credit Union (CACU) and its employee Jerry Affolter were not shown to have acted under color of state law. Plaintiff's

renewed allegations, that defendants accused him of and reported a crime, taken as true, fail to state a claim. As noted, neither reporting a crime to law enforcement authorities nor acting as a witness to criminal activity by other than a "state actor" amounts to a cognizable claim under § 1983. The court further found that plaintiff failed to describe acts by either named defendant that amounted to a plausible violation of his federal constitutional rights. Plaintiff has not responded by describing any additional act on the part of either defendant that was unconstitutional. Plaintiff's main statement in response to this deficiency, that the CACU is FDIC-insured and operates under federal banking laws, does not establish that defendants acted under color of state law.[1]

The court also found in its screening order that plaintiff had not alleged personal participation by either named defendant in his 2008 arrest by Missouri law enforcement officers. Plaintiff responds with vague allegations of a conspiracy among defendants and "the other enties (sic) that were involved." He names banks in

---

1  The deprivation of a federal right is made "under color of state law" when it is:

> caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

See Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207-08 (10th Cir. 2005), cert. denied, 547 U.S. 1111 (2006)(quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)(alterations in original)).

Tennessee as the "other enties" and states that "these defendants" operated in Kansas and Missouri, misled the CACU with regard to plaintiff, and "knowingly gave false statements to the Kansas City Police Department" in Missouri. Plaintiff's allegations of a conspiracy are not specific enough to state a conspiracy claim. Moreover, none of these allegations shows that either named defendant participated in the alleged false arrest.[2]

The court further found that the facts alleged by plaintiff failed to state a false arrest claim because his own allegations indicated probable cause had been established for his arrest, and the subsequent dismissal of charges without more did not establish that his arrest was without probable cause. Rather than refute these findings, plaintiff reiterates in his response that he was charged with three counts of forgery, warrants issued for his arrest, he "was indicted by a Grand Jury of Clay County," he was arraigned in April, 2010, and the charges were dismissed in 2011.[3] Thus, plaintiff's response again illustrates that probable cause was found to exist. Probable cause for plaintiff's arrest precludes a civil action for false arrest. *See Gouskos v. Griffith*, 122 Fed.Appx. 965, 971-72 (10th Cir. 2005).

Finally, the court noted that plaintiff's complaint appeared to be time-barred because it was not filed within one year of the

---

2   Plaintiff has not filed an Amended Complaint properly naming any additional defendants.

3   Plaintiff has not revealed the grounds upon which the charges were dismissed.

dismissal of charges.[4]  Plaintiff's response to this finding that he gave timely notice to the defendants does not establish that this action was filed within the applicable statute of limitations period.

The court has also considered plaintiff's additional allegations, which he suggests were inadvertently left out of his complaint: he was asked by an employee of the CACU to open an account there, defendant Affolter was a "fraud investigator" for the credit union and reported that a crime had been committed, plaintiff is the owner of and was doing business as Jacob's Best Trucking," and "defendants reported the "incident" to the Clay County District Attorney Office, knowing this was a civil matter and no crime had been committed.  These allegations do nothing to cure the deficiencies in plaintiff's complaint.

**IT IS THEREFORE ORDERED** that plaintiff is granted leave to proceed without prepayment of fees (Docs. 2 & 4 – Attach. 2), and is hereby assessed the full filing fee for this action of $350.00 to be paid through payments automatically deducted from his inmate account pursuant to 28 U.S.C. § 1915(b)(2).  The finance office of the facility where plaintiff is currently confined, by copy of this order, is authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) and submit that amount to this court until the

---

4    Plaintiff alleges that the forgery charges were dismissed on February 17, 2011; and page 2 of the exhibits attached to his complaint is a court record showing that forgery charges were "Dismissed by Prosec/Nolle Pros – 02/17/2011."  This was more than one year prior to the filing of this action.

4

filing fee has been paid in full.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B) and as time-barred.

**IT IS FURTHER ORDERED** that plaintiff's motion for ruling (Doc. 5) is denied as moot.

The clerk is directed to send a copy of this order to the finance office at the institution where plaintiff is currently confined and to the court finance office.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge